UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY GRIFFIN,

                Plaintiff,

                - against -

CORRECTION CAPTAIN DECLET, et al.,

                Defendants.

OPINION

05 Civ. 4066 (KMW) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Anthony Griffin brings this *pro se* action against numerous defendants under 42 U.S.C. § 1983 for alleged civil rights violations. On April 22, 2005, Griffin filed an application to proceed *in forma pauperis*. On June 3, 2005, he filed an application for appointment of counsel. For the reasons which follow, Griffin's application to proceed *in forma pauperis* is **GRANTED**, and his request for counsel is **DENIED**.

## II. DISCUSSION

**A. *In Forma Pauperis***

Under 28 U.S.C. § 1915, "any court . . . may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Griffin's application to proceed *in forma pauperis*, dated April 12, 2005, indicates that he is currently incarcerated and unemployed. The Court finds that Griffin's application establishes his inability to pay for the prosecution of his case. Therefore, his

application to proceed *in forma pauperis* is **GRANTED**.

**B. Appointment of Counsel**

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61 (2d Cir. 1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. **Id**. at 61-62.

Griffin satisfies the threshold requirement of indigence insofar as the same factors considered in granting him permission to proceed *in forma pauperis* establish his inability to afford counsel. By letter dated September 17, 2005, Griffin maintains that he lacks the ability to litigate his case. However, Griffin has demonstrated the ability to properly file a complaint

2

setting forth relevant facts, and to utilize the *Pro Se* Office. The *Pro Se* Office has provided assistance to Griffin, and responded to his letters dated May 2, 2005, July 6, 2005, and July 28, 2005. Griffin's complaint does not present novel or complex legal issues. After careful review of Griffin's application, the Court finds that appointment of counsel is not warranted. Accordingly, Griffin's application for counsel is **DENIED**.

### III. CONCLUSION

Griffin's application to proceed *in forma pauperis* is **GRANTED**, and his request for counsel is **DENIED**. Griffin is directed to the *Pro Se* Office for assistance in litigating his case.

**SO ORDERED this 9th day of January 2006**
**New York, New York**

The Honorable Ronald L. Ellis
**United States Magistrate Judge**

3